UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD PARADISE, )
)
    Plaintiff )
)
v. ) No. 1:10-cv-236-JAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge did not adequately consider the opinion of his treating physician and was required to contact his treating physician directly. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from chronic pain disorder, status post cervical fusion, headache syndrome, right knee meniscal tears, and a cognitive disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 10; that he had the residual functional capacity ("RFC") to perform light work, except that he could only occasionally push, pull, reach overhead, operate foot controls, balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, could do work involving occasional exercise of judgment and decision-making, could tolerate occasional changes in work setting, and interact occasionally with supervisors and coworkers, but never with the public, Finding 4, *id*. at 11; that he had no past relevant work, Finding 5, *id*. at 13; that, given his age (18 on the date of alleged onset), at least high school education, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id*.; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, from April 18, 2006, the date the application was filed, through the date of the decision, March 29, 2008, Finding 10, *id*. at 14. The Appeals Counsel declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

*Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

**A. Dr. Doyle's Report**

The plaintiff contends that the administrative law judge failed to give good reasons for his rejection of the opinion of Dr. Patricia Doyle, his treating physician, as required by 20 C.F.R. § 416.927(d)(2). Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 3-10. He relies on a document entitled Medical Source Statement of Dr. Doyle/Ability to Do Work-Related Activities (Physical), signed by Dr. Doyle on April 30, 2007. Record at 450-53. In that document, Dr. Doyle recorded the following impairments: able to carry less than 10 pounds occasionally, and no weight frequently; able to stand and/or walk at least 2 hours in an 8-hour day (with handwritten note "Fluctuates"); need to alternate sitting and standing; pushing and pulling limited in upper extremities; able to climb, balance, kneel, crouch, crawl or stoop very rarely; reaching, handling, fingering, and feeling all limited; ability to maintain concentration and attention on work tasks significantly compromised by pain and medication; and limited exposure to temperature extremes and humidity or wetness. *Id.*

The administrative law judge cited Dr. Doyle's records no less than 13 times, *id.* at 10, 12, & 13, and discussed her opinion as follows:

> Records dated July 2003 from his primary care physician indicate that the claimant was "maintaining functional status" with the use of MS Contin (Exhibit 14F). Primary care notes from February and March 2007 also refer to the claimant as doing well with his medication therapy (Exhibit 16F). Examination done in December 2007 showed that the claimant had normal range of motion, strength, sensation and reflexes in his upper and lower extremities (Exhibit 18F).

3

> As for the opinion evidence, . . . [t]reating physician Patricia Doyle, M.D., has indicated that she believes the claimant cannot do even sedentary work on a sustained basis due to distraction caused by pain and medication side effects (Exhibits 15F, 17F). The undersigned accords little weight to [this] opinion[], as [it is] not supported by substantial medical evidence. The claimant's ability to live independently and engage in the range of activities described above is consistent with a residual functional capacity for a wide range of unskilled light work. In addition, the record does not reflect complaints of adverse side effects from medication. Dr. Doyle's records from July 2006 show that the claimant denied any such side effects, and that his chronic pain and spinal disorder were stable (Exhibit 10F). The undersigned accords greater weight to the assessment that the claimant can do a limited range of light work, arrived at by Donald Trumbull, M.D., a State agency medical consultant versed in the Social Security Administration's disability evaluation process (Exhibit 11F).

*Id*. at 12-13.

It may well be, as the plaintiff points out, Itemized Statement at 8, that the administrative law judge's equating of a gap in the plaintiff's medical records from 1997 to 2003 with a lack of doctor visits, Record at 12, is error, given Dr. Doyle's references to the plaintiff "liv[ing] out of town for quite a while, seeing doctors in New York, New Jersey, and then in Southern Maine," in a letter dated May 4, 2004. Record at 346.[2] But that misperception, standing alone, is not sufficient to require remand.

The plaintiff next contends that "it is open to question whether the ALJ has mentioned any of the six § 927(d) factors in his rationale," citing *Braley v. Barnhart*, No. 04-176-B-W, 2005 WL 1353371 (D. Me. June 7, 2005). Itemized Statement at 7. This is a reference to 20 C.F.R. § 416.927(d), which provides that an administrative law judge will weigh medical

---

[2] The plaintiff's apparent dismay, Itemized Statement at 8, at the failure of the administrative law judge to ask him at the hearing about the apparent lack of treatment during this period or to determine whether records of such treatment could be produced is misplaced. It is the duty of the claimant to inform the agency of the names and locations, at the very least, of those who have provided medical care. and to provide their medical records, if available, particularly when, as here, the claimant is represented by counsel at the hearing. *See generally Reynolds v. Astrue*, No. 07-5-B-W, 2007 WL 3023573, at *2-*3 (D. Me. Oct. 12, 2007). Had the administrative law judge been made aware at the hearing that such records existed but that the plaintiff had not been able to obtain them, the administrative law judge would have had a duty to make some attempt to acquire them. But, an administrative law judge cannot be faulted for failure to obtain records which have not been made known to him or her.

opinions by considering "all of the following factors": whether the source of the opinion has examined the plaintiff, whether the source has treated the plaintiff (and if so, the length of the treatment relationship and frequency of examination, and the nature and extent of the treatment relationship), the evidence presented to support the opinion, consistency of the opinion with the record as a whole, and the specialization of the source. 20 C.F.R. § 416.927(d).

In *Braley,* this court rejected the contention that each of these factors must be mentioned every time an administrative law judge considers an opinion of a treating source. 2005 WL 1353371 at *4. I see no reference in the *Braley* opinion to the other proposition for which it is cited by the plaintiff, Itemized Statement at 7, that "the <u>absence</u> of any such serious discussion [of each of the factors] severely undermines the ALJ's rationale and, thus, must be taken into account in assessing whether 'good reasons' have been proffered." (Emphasis in original.) That is not the standard in this district. *See also* 20 C.F.R. § 416.927(e)(2)-(3) (as to RFC, even the opinions of treating sources are accorded no "special significance").

Furthermore, the administrative law judge quite clearly knew that Dr. Doyle had examined the plaintiff and that she was his treating, primary care physician, and had been at least since June 2003. Record at 12.³ There is no indication in the record that Dr. Doyle had any medical specialty beyond family practice. The only remaining factors are the evidence presented to support the opinion and the consistency of the opinion with the record as a whole. The administrative law judge addressed both of these factors. *Id*. at 12-13. Contrary to the plaintiff's assertion, he did not "fail[] to point to any parts of the record (other than Dr. Trumbull) that call Dr. Doyle's opinion into question." Itemized Statement at 7. More detail would have been advisable, but the discussion provided in the opinion is minimally sufficient on this point.

---

³ The hearing was held on March 11, 2008, and the administrative law judge's opinion was signed on March 29, 2008. Record at 8 & 14.

The plaintiff asserts that "the prior evaluations from Drs. Caldwell and Almirante (R. 248, 249-51), and the opinions from Drs. Miller and O'Leary (R. 429-30, 413-14), as [well as] the treatment notes of Dr. Doyle's co-providers and Dr. Meserve (R. *e.g.*, 330, 397-98, 401-02, 446, 448)" are all consistent with Dr. Doyle's conclusions. *Id*. The only statement in Dr. Caldwell's brief letter, dated October 1, 1992, that is "consistent" with any of Dr. Doyle's conclusions is that the plaintiff "is unable to work at the present time because of the consequences of head injury and the chronic pain program." Record at 248. That, of course, is an opinion on an issue that is reserved to the commissioner. 20 C.F.R. § 416.927(e).

Dr. Almirante, who apparently saw the plaintiff once on a pain consult, says nothing in his report about the limitations imposed in Dr. Doyle's assessment form, and the only possible entry consistent with Dr. Doyle's position is the statement under "Occupational History" – "He is currently disabled." Record at 250. But, this is not a diagnosis; it is the plaintiff's own report of his occupational history, which could only have been provided by the plaintiff. Dr. O'Leary's letter, dated March 14, 1988, and also arising from a one-visit consult, contains no mention of any of the limitations imposed by Dr. Doyle. Record at 412-14. Any interpretation of either of these letters as "consistent" with the limitations imposed by Dr. Doyle could only be performed by a medical expert, at best, and it appears more likely that there is insufficient information in the letters to allow even an expert interpretation to that effect.

The letter dated May 17, 1982, from Dr. Miller, on the letterhead of the health center where Dr. Doyle later practiced, *id*. at 429-30, which is cited by the plaintiff, similarly mentions none of the physical limitations imposed by Dr. Doyle. Page 330 of the record is a note of a routine office visit on July 25, 2006, by Donald Dubois, M.D., and again mentions no physical limitations and states that all of the 15-minute visit was spend discussing chronic pain

management. Pages 397-98 of the record are handwritten notes dated August 10, 2004, by Anna Babiarz, who apparently was a physician's assistant, of a routine follow-up visit by the plaintiff , who said that he "feels everything going well," and of a visit on November 21, 2003, with an undecipherable signature, also for a refill of medication. Again, neither mentions any physical limitations.

Pages 401-02 of the record are brief notes of office visits with Dr. John Meserve, on July 18, 2003 and June 16, 2003. Neither mentions any physical limitations. Page 446 is a note by Dr. Dubois, dated March 23, 2007, recording an office visit. Page 448 is another such note, dated February 22, 2007. Again, neither mentions any physical limitations. All of the records cited by the plaintiff as consistent with Dr. Doyle's conclusions cannot reasonably be so construed.

The plaintiff next contends that the administrative law judge "has done nothing more than cite to a number of 'sporadic and transitory' activities that do not reflect the 'substantial, sustained, and regular activity needed for gainful employment,'" Itemized Statement at 7, when the decision refers to activities in which the plaintiff engages that "suggest that he has a greater functional capacity than alleged." Record at 12. However, merely characterizing those activities as sporadic and transitory does not make them so. Nor does the administrative law judge's asserted failure to ask the plaintiff at hearing whether these activities were sustained or sporadic, Itemized Statement at 8, require the conclusion that they were the latter.[4] The plaintiff cites his testimony to the effect that he cut wood once, with help from his father, and that he is in a band but "we haven't been together for a while, haven't played together because . . ." as evidence that

---

[4] At oral argument, the plaintiff's attorney contended that it was "only fair" to require the administrative law judge to inform a claimant's counsel at hearing about "how he was going to look at" the evidence of activities of daily living. I am unaware of any support for this apparent due process argument in Social Security statute, regulations, or case law and counsel cited none.

those two activities might have been sporadic or transitory, Itemized Statement at 8 n.9, but that says nothing about the other activities noted by the administrative law judge: stacking wood, reading books, cleaning his house, grocery shopping, visiting family, raking, cutting brush, shoveling snow, driving, and using a computer. Record at 12.

Finally, Dr. Trumbull's opinion is clearly inconsistent with that of Dr. Doyle. After reviewing medical records, including those of Dr. Doyle, through December 2006, Dr. Trumbull assigned the plaintiff an RFC at the light exertional level, with the ability to stand and/or walk at least two hours in an eight-hour workday and to sit for about six hours in an eight-hour workday; only occasional pushing and pulling with the lower extremities; no climbing ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; occasional reaching overhead; and no other limitations. *Id*. at 353-59. Three months later, Dr. Doyle opined that the plaintiff could only do work at a less-than-sedentary exertional level; could stand and/or walk for at least two hours in an eight-hour work day, although this would fluctuate, and needed to alternate sitting and standing at will; had limited ability to push and/or pull with the upper extremities, but no limitations with the lower extremities; could climb, balance, kneel, crouch, crawl, or stoop less than occasionally; was limited in reaching, handling, fingering, and feeling, the latter only with the left hand; had his ability to maintain attention and concentration significantly compromised by pain and prescribed medication; and must limit his exposure to temperature extremes, humidity and wetness, and potentially to vibration. *Id*. at 450-53.

Where the two physicians differ, the administrative law judge adopted Dr. Trumbull's opinion. *Id*. at 11-13.[5] This court has said many times that an administrative law judge may

---

[5] The administrative law judge did not adopt the standing and walking limitation on which the two physicians agreed.

adopt the opinion of a non-examining state-agency physician over that of a treating physician, so long as the state-agency physician's conclusions find support in the record. *See, e.g., Angis v. Astrue*, No. 06-154-P-S, 2007 WL 2021921, at *2 (D. Me. July 11, 2007); *Lewis v. Barnhart*, No. 06-35-B-W, 2006 WL 3519314, at *7 (D. Me. Dec. 6, 2006); *Powers v. Barnhart*, No. 04-86-P-C, 2004 WL 2862170, at *2-*3 (D. Me. Dec. 13, 2004).

While the question is a close one in this case, Dr. Trumbull records many of Dr. Doyle's objective findings as support for his own conclusions, as well as the observations of others. Record at 353, 357, 359. This recitation provides the minimal necessary support. *See Powers*, 2004 WL 2862170, at *2-*4. *See also Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *5 (D. Me. Dec. 28, 2010) (inconsistencies with other medical records support ALJ's decision to reject treating physician's conclusions).

The plaintiff is not entitled to remand based on the administrative law judge's rejection of Dr. Doyle's conclusions with respect to his physical limitations.

### B. Duty to Contact Dr. Doyle[6]

The plaintiff contends that remand is required because the administrative law judge "failed to recontact the treating physician." Itemized Statement at 10. He asserts that "when the ALJ views the treating physician's report as inadequate to establish disability, recontacting the physician is called for pursuant to 20 C.F.R. § 4166.912(e)[.]" *Id.* at 11. However, neither the regulation nor the opinion of the First Circuit cited by the plaintiff in support of this argument actually supports this characterization of the circumstances under which an administrative law judge must directly contact a treating medical professional.

The regulation, 20 C.F.R. § 416.912(e), provides, in relevant part:

---

[6] At oral argument, the attorney for the plaintiff asserted that this is "a one-issue appeal," but did not expressly disavow this issue that is presented in the itemized statement.

9

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions:
> 
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

This language cannot reasonably be read to require an administrative law judge to contact a medical source whenever the administrative law judge would otherwise reject that source's opinion, which is the test as the plaintiff has phrased it. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ's disagreement with treating physician's conclusion not equivalent of finding that evidence from physician is inadequate to make disability determination); *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001) ("It is the inadequacy of the record, rather than the rejection of the treating physician's opinion, that triggers the duty to recontact that physician.") Rather, the contact occurs only when the medical source's report contains an internal conflict or ambiguity that must be resolved, does not contain "all the necessary information," or does not appear to be based on acceptable medical evidence. *See Dickinson v. Barnhart*, No. 02-258-P-H, 2003 WL 22466175, at *3 (D. Me. Oct. 31, 2003). The third alternative is not applicable in this case, and at oral argument counsel for the plaintiff was unable to identify the conflict or ambiguity in Dr. Doyle's report that required resolution, or what other information might be necessary.[7]

---

[7] The fact that Dr. Doyle's opinions are reported on a form issued by the Social Security Administration, Record at 450, makes it unlikely that the "missing information" alternative is applicable in this case.

The First Circuit's unreported decision in *Soto-Cedeño v. Astrue*, 380 Fed.Appx. 1, 2010 WL 2573086 (1st Cir. June 29, 2010), the other authority cited by the plaintiff, does not require a different interpretation. The opinion says that "if the ALJ deemed Dr. Rivera's report to be 'inadequate,' he should obtain additional information 'first' by recontacting Dr. Rivera." *Id*. at 3, **2. Here, there is no suggestion in the record that the administrative law judge deemed Dr. Doyle's report "inadequate" in any way, and certainly not in the manner discussed in *Soto*, where the administrative law judge "rejected Dr. Rivera's opinion in part because no supporting treatment notes were attached to his . . . report and RFC assessment." *Id*.

The plaintiff is not entitled to remand on this basis.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2011.

                                                      /s/ John H. Rich III
                                                      John H. Rich III
                                                      United States Magistrate Judge